UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME G. TAPIA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>T. CISNEROS, Warden,<br><br>　　　　　Respondent. | Case No.: 3:22-cv-00283-LL-RBM<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL AND DISMISSING CASE WITHOUT PREJUDICE**<br><br>**[ECF Nos. 1, 2]** |

On February 25, 2022, Petitioner, a California prisoner proceeding *pro se*,[1] filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Section 2254") in the District Court for the Eastern District of California. ECF No. 1. The Petition was accompanied by a Motion to Appoint Counsel. ECF No. 2. The Petition was transferred to this Court because it challenges a conviction from the San Diego County Superior Court. ECF No. 3.

**FAILURE TO SATISFY FILING FEE REQUIREMENT**

Petitioner has neither paid the $5.00 filing fee nor submitted an application to

---

[1] In reviewing Petitioner's Petition, the Court is mindful that "[a] document filed *pro se* is to be liberally construed … and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

proceed *in forma pauperis*. Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed *in forma pauperis*, the Court **DISMISSES** the case without prejudice. To have this case reopened, Petitioner must submit, **no later than** May 9, 2022, a copy of this Order with the $5.00 fee or adequate proof of his inability to pay the fee.

### FAILURE TO SIGN PETITION UNDER PENALTY OF PERJURY

Rule 2(c) of the Rules Governing Section 2254 Cases provides that "[t]he petition must be printed, typewritten or legibly handwritten; and be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rule 2(c), 28 U.S.C. foll. § 2254 (emphasis added). Here, Petitioner has not signed the Petition under penalty of perjury, but merely as "Respectfully Submitted." ECF No. 1 at 15.

### FAILURE TO USE PROPER FORM

Additionally, a Petition for a Writ of Habeas Corpus must be submitted in accordance with the Local Rules of the United States District Court for the Southern District of California. *See* Rule 2(d), 28 U.S.C. foll. § 2254. In order to comply with the Local Rules, the petition must be submitted upon a court-approved form and in accordance with the instructions approved by the Court. *Id.*; S. D. Cal. Civ. R. HC.2(b). Petitioner has not submitted his application for writ of habeas corpus on a court-approved form.

### MOTION TO APPOINT COUNSEL

Petitioner requests appointment of counsel due to his (1) inability to afford private counsel, (2) status as an incarcerated person, (3) inexperience with legal matters, (3) limited access to the prison law library, (4) lack of formal education, and (5) inability to speak English. ECF No. 2 at 2-4. The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain counsel when "the district court 'determines that the interests of justice so require.'" *Terrovona v.*

*Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990) (quoting 18 U.S.C. § 3006A(a)(2)(B)). Appointment of counsel is discretionary where no evidentiary hearing or discovery is necessary. *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728.

"Indigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1101, 1196 (9th Cir. 1986); *Knaubert*, 791 F.2d at 728-29. Failure to appoint counsel may result in a due process violation if the issues involved are too complex for the petitioner. *Hawkins v. Bennett*, 423 F.2d 948, 950 (8th Cir. 1970).

The interests of justice do not warrant appointment of counsel at this time. Petitioner has sufficiently articulated his claims, which he indicates were addressed by the California Supreme and Appellate Courts. ECF No. 1 at 2. There has yet to be a response to the Petition to determine whether the issues presented in this case are complex. Accordingly, Petitioner's Motion to Appoint Counsel is **DENIED** without prejudice. Petitioner may renew his request at a later time.

## CONCLUSION AND ORDER

For the foregoing reasons, Petitioner's Motion to Appoint Counsel is **DENIED** without prejudice, and the Petition is **DISMISSED** without prejudice. To have this case re-opened, Petitioner must submit, **no later than May 9, 2022,** a First Amended Petition which cures the defects identified in this Order. The Clerk of Court shall send a blank Southern District of California amended petition form and a blank Southern District of California *In Forma Pauperis* application to Petitioner along with a copy of this Order.

**IT IS SO ORDERED.**

DATED:   March 10, 2022

**HON. LINDA LOPEZ**
United States District Judge