1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

10

**SOUTHERN DISTRICT OF CALIFORNIA**

11

12   JAMIE G. TAPIA,

13                                              Petitioner,

14   v.

15   T. CISNEROS, Warden,

16                                              Respondent.

Case No.:  22cv283-LL-NLS

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND DENYING A CERTIFICATE OF APPEALABILITY**

17

18        Presently before the Court is a Motion for Relief from Judgment by Petitioner Jamie

19   G. Tapia, a state prisoner proceeding pro se, constructively filed on April 15, 2024.[1] ECF

20   No. 19. Petitioner seeks relief from this Court's May 19, 2023, judgment denying his First

21   Amended Petition for a Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254 and

22   issuing a limited Certificate of Appealability. ECF No. 18. Petitioner requests the Court

23   reopen the judgment to allow him to file a Notice of Appeal and a request for a Certificate

24   of Appealability. ECF No. 19 at 1-10.

25

26   _____

27   [1] Petitioner is entitled to the benefit of the "mailbox rule" which provides for constructive
28   filing of court documents as of the date they are submitted to the prison authorities for
     mailing to the court. *Anthony v. Cambra*, 236 F.3d 568, 574-75 (9th Cir. 2000).

1

## I.      Background

Petitioner is serving a state prison term of seven years to life plus ten years plus four years and four months as a result of convictions for kidnapping during a carjacking, assault with a firearm, corporal injury to a spouse, carrying a loaded firearm with intent to commit a felony, two counts of making a criminal threat and firearm use findings. ECF No. 16-2 at 294-310; ECF No. 16-11. Petitioner raised two claims in this Court: (1) Because the evidence at trial established he accidentally fired his gun, the failure of the trial court to modify a pattern jury instruction on the firearm use allegation and to give a pinpoint instruction on accident violated his state and federal constitutional rights to due process and trial by jury; and (2) the prosecutor committed misconduct by repeatedly referring to Petitioner as a "monster" during closing argument and appealing to the jurors' emotions by asking them to place themselves in the victim's position, and defense counsel was ineffective for failing to object, in violation of his Fifth, Sixth and Fourteenth Amendment rights to a fair trial, adequate representation and due process. ECF No. 8 at 6-16.

On May 19, 2023, this Court denied relief on both claims and granted a Certificate of Appealability limited to Claim Two. ECF No. 18. Petitioner constructively filed the instant Motion for Relief from Judgment on April 15, 2024. ECF No. 19. He states that: (1) he is not fluent in English; (2) he was recently transferred from a prison where another inmate was assisting him in this matter; (3) he recently found someone at his new prison to assist him in this action; (4) he did not know that he had such a short deadline to file a notice of appeal; (5) he is filing this motion within one year of entry of judgment based on mistake or excusable neglect; (6) he has been diligently pursuing this case and excusable neglect for failing to timely file a notice of appeal can take into consideration all relevant circumstances; and (7) taking into account all relevant circumstances he has shown excusable neglect for failing to file a timely notice of appeal. *Id*. at 2-3.

## II.     Discussion

Under Rule 60 of the Federal Rules of Civil Procedure, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually

must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1). Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. FED. R. CIV. P. 60(b*); School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

The application of Rule 60(b) "is remedial in nature and must be liberally applied." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). Nevertheless, Rule 60(b) provides for extraordinary relief and requires a showing of exceptional circumstances. *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1994).

Petitioner seeks relief from judgment here based on his lack of awareness of the 30-day deadline to timely file a notice of appeal caused by his lack of fluency in English coupled with the loss of the person assisting him with this action.[2] "Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1997), quoting *Engleson v. Burlington Northern R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992); *Birch v. DelPorto*, No. 19cv0325-MMD (WGC), 2020 WL 1692958, at *1 (D. Nev. Apr. 6, 2020) (lack of access to legal resources and legal assistance in prison did not prevent plaintiff from filing a timely motion for extension of time). Petitioner has not shown excusable neglect under Rule 60(b)(1), nor shown extraordinary circumstances under Rule 60(b)(6), nor any other reason justifying relief from the Court's judgment. In fact, Petitioner does not challenge the Court's judgment of dismissal of his habeas petition.

---

[2] The Court will not construe the instant Motion as a second or successive petition. *See Gonzalez v. Crosby*, 545 U.S. 532 (2005) (holding that if a Rule 60(b) motion attacks a defect in the integrity of the federal habeas proceedings rather than the substance of the federal court's resolution on the merits of the claims, the motion will not be barred as a second or successive petition).

1    Rather, Petitioner seeks an extension of time to file a notice of appeal and a request

2    for a Certificate of Appealability. Pursuant to Rule 4(a)(1)(A) of the Federal Rules of

3    Appellate Procedure, the time for filing a notice of appeal with the district court is within

4    30 days of the entry of judgment. Rule 4(a)(4) provides that if a party files a motion for

5    relief under Fed. R. Civ. P. 60 "no later than 28 days after the judgment is entered," the

6    time to file an appeal runs from the entry of the order disposing of the motion." Fed. R.

7    App. P. 4(a)(4)(A)(vi). Pursuant to Rule 4(a)(5)(A), the District Court may extend the time

8    to file a notice of appeal "if a party so moves no later than 30 days after the time prescribed

9    by this Rule 4(a) expires" and the party seeking the extension "shows excusable neglect or

10   good cause." Fed. R. App. P. 4(a)(5)(A)(i), (ii).

11   Here Petitioner's Rule 60(b) motion does not extend the time to file a notice of

12   appeal because it was not filed within 28 days after judgment was entered. Fed. R. App. P.

13   4(a)(4)(A)(vi). And because Petitioner did not file his request to extend the time to file a

14   notice of appeal within 30 days after the time for filing set out in Rule 4(a)(1)(A), pursuant

15   to Rule 4(a)(5)(A), this Court may not extend the time to file a notice of appeal. *Vahan v.*

16   *Shalala*, 30 F.3d 102, 103 (9th Cir. 1994) (holding that a district court lacks authority to

17   grant a motion to extend time for appeal if the motion was filed outside the time limits set

18   by Fed. R. App. P. 4(a)(5)).

19   **III.   Certificate of Appealability**

20   Although the Court granted a Certificate of Appealability limited to claim two, the

21   Court denies a Certificate of Appealability as to the denial of the instant Motion because

22   Petitioner has not shown "that (1) jurists of reason would find it debatable whether the

23   district court abused its discretion in denying the Rule 60(b) motion **and** (2) jurists of

24   reason would find it debatable whether the underlying section [petition] states a valid claim

25   of the denial of a constitutional right." *United States v. Winkles*, 795 F.3d 1134, 1143 (9th

26   Cir. 2015) (emphasis added). To the extent the Court has jurisdiction to consider

27   Petitioner's request to expand the underlying Certificate of Appealability to include claim

28   one, the request is denied for the reasons set forth in the Court prior dismissal Order.

**IV.    Conclusion and Order**

Based on the foregoing, the Motion for Relief from Judgment [ECF No. 19] is **DENIED** and the Court **DENIES** a Certificate of Appealability. The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED**.

Dated:  May 2, 2024

_____

Honorable Linda Lopez
United States District Judge

22cv283-LL-NLS